UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WASH WORLD INC.,

    Plaintiff,

    v.                                  Case No. 19-C-1562

BELANGER, INC., et al.,

    Defendants.

## ORDER DENYING MOTION TO RESTRICT

    Plaintiff Wash World, Inc. (Washworld) filed this action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201–02 and 35 U.S.C. § 100 *et seq.* that U.S. Patent No. 8,602,041, owned by Defendants Belanger, Inc. and Piston OPW, Inc. is invalid, or, if valid, is not infringed by or is unenforceable against Washworld. Belanger filed a counterclaim seeking damages for Washworld's alleged willful infringement of its patent. This matter comes before the court on Washworld's motion to restrict. Counsel for Washworld has filed a motion to restrict certain documents filed in support of Washworld's motion for indefiniteness and claim construction, apparently due to the fact that certain information and exhibits have been designated "Highly Confidential - Trial Counsels' Eyes Only" pursuant to the parties' protective order.

    Under Federal Rule of Civil Procedure 5.2(e), the court may, for good cause, restrict access to court filings. The mere fact that the parties agreed to file a document restricted, however, is not sufficient to establish the good cause necessary to maintain such filings as restricted. *See Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). In order to show good cause to restrict a document, the motion "to restrict access or seal must be supported by sufficient facts

demonstrating good cause for withholding the document or material from the public record." Civil L.R. 79(d)(3); *see also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Washworld requests that the following documents be restricted: Attorney Coley's Declaration in support of Plaintiff's motion on indefiniteness and claim construction, the expert report of Dr. Rice, the expert report of Dr. Reinholtz, and portions of the deposition transcript of Dr. Reinholtz. Washworld has not established the good cause necessary to maintain these filings as restricted. It is not apparent to the court why reports bearing on claim construction and invalidity of a patent should be restricted. The patent itself is public and arguments that it is invalid or should be construed in a particular manner are generally made in public.

**IT IS THEREFORE ORDERED** that the motion to restrict (Dkt. No. 92) is **DENIED without prejudice**. The party who has designated the material as confidential has the burden of proof on the question of whether it should be remain restricted now that it has been filed with the court. That party must, within the next fourteen days, provide the court with good cause to maintain the material as restricted. Failure to do so will result in the restricted designation being removed from those documents.

Dated at Green Bay, Wisconsin this 18th day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
